UNITED STATES of America, Plaintiff,

v.

FUNDS CONTAINED IN CHECKING ACCOUNT NO. 07–21–3–06, Safe Deposit Box No. 72 and Certificate of Deposit No. 07–00133–9–11 of the Bayamon Federal Savings and Loan Assn. of Puerto Rico, Defendants.

Civ. No. 83–1313 (JAF).

United States District Court,
D. Puerto Rico.

April 1, 1992.

Miguel A. Fernández, Asst. U.S. Atty., Daniel F. López–Romo, U.S. Atty., D. Puerto Rico, for plaintiff.

Antonio Jiménez–Miranda, San Juan, P.R., for defendants.

## OPINION AND ORDER

FUSTE, District Judge.

On June 6, 1983, the government filed a complaint seeking forfeiture of sums of money on deposit or being held by Bayamón Federal Savings and Loan Association of Puerto Rico ("Bayamón Federal") pursuant to 21 U.S.C. § 881. After following the required notice procedures, the district court (Torruella, J.) entered a decree on January 20, 1984 forfeiting the monies. In the decree, the court found that no person answered the complaint and all who might have a claim to the monies were in default. On May 16, 1984, the government filed a motion for withdrawal of the funds, which was granted by the court on May 29, 1984. Sometime thereafter, the funds were withdrawn and deposited in the Treasury of the United States.

Over seven-and-a-half years later, on December 13, 1991, Félix Ayala–Meléndez, representing his son Félix Rubén Ayala–Jiménez, filed a motion seeking a hearing to challenge the government's forfeiture of the monies mentioned above. They allege that the monies seized represented the prize money from a winning lottery ticket purchased by Ayala–Jiménez, and not, as the government had originally alleged, proceeds traceable to exchanges for controlled substances. On January 10, 1992, we granted the parties thirty days to brief the issue whether Ayala–Jiménez should be allowed to file a claim seeking the return of the forfeited funds. The government filed its response on February 11, 1992. Claimants failed to file a response within the thirty-day period granted by the court.[1] For the reasons stated below, we deny claimants' motion requesting a hearing.

Reviewing the file, supplemented by the parties' filings, the following facts are clear. Following the filing of the complaint and the arrest of the monies, a notice of seizure was published in the newspaper *El Vocero* on November 18, 1983. Notice was also sent to and received by Ayala–Jiménez on December 3, 1983. (Docket Document No. 11, *Exhibit 1*). The latter filed no claim within the time period mandated by Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims.[2]

■ The United States Court of Appeals for the First Circuit, in agreement with other circuits, has found that the filing of a verified claim pursuant to Rule C(6) is necessary to confer statutory standing upon a claimant in a forfeiture action. *U.S. v. One Dairy Farm*, 918 F.2d 310, 311–13 (1st Cir.1990); *U.S. v. One Urban Lot Located at 1 Street A–1*, 885 F.2d 994, 999–1001

(1st Cir.1989); *U.S. v. Currency $267,-961.07*, 916 F.2d 1104, 1108 (6th Cir.1990); *Mercado v. U.S. Customs Service*, 873 F.2d 641, 645 (2d Cir.1989); *U.S. v. $175,918.00 in United States Currency*, 755 F.Supp. 630, 632–33 (S.D.N.Y.1991) ("This rule is designed to provide the government with timely notice of a claimant's interest in contesting the forfeiture and, by requiring a sworn claim, to deter the filing of false claims."); *United States v. One 1978 BMW*, 624 F.Supp. 491, 492 (D.Mass.1985). Where a party completely disregards the requirements of Rule C(6), dismissal of the claim by the district court should normally result. *One Dairy Farm*, 918 F.2d at 312; *One Urban Lot*, 885 F.2d at 998. Since claimants received notice of the forfeiture action and failed to file a claim or answer, they have no standing to contest the forfeiture.

■ Here, in their motion for a hearing, claimants proffer as a reason for their failure to intervene in a timely fashion the fact that, at the time of the forfeiture, they believed that they had no recourse to challenge the forfeiture. Yet, the language of the notice published in *El Vocero* could not have been clearer in requiring the owner of defendant monies to file a claim and answer pursuant to Rule C(6). (Docket Document No. 9, *Attachment*). There is proof—in the form of a postal return receipt—that claimant received such notice. Given these facts, claimant's proffered excuse for a seven and half year delay in responding to the forfeiture action is simply not sufficient to provide a basis to reopen the action.

■ Even if we were to interpret claimants' motion as one seeking relief from judgment pursuant to Fed.R.Civ.P. 60(b),

---

**1.** Although no legal memorandum was filed in response to the court's January 10, 1992 order, claimants, on March 6, 1992, filed a "Motion Requesting Time to Reply to Motion to Strike," in which claimants' counsel seeks an extension of time to reply to the government's motion to strike the pleadings and attachments. Claimants cited their counsel's need to be away from Puerto Rico in order to undergo surgery. Claimants did not seek an extension of time to comply with the court's original order. The government's brief, therefore, stands unop-

posed. Because of our disposition of the claimants' original motion, we find no need for further filings by the parties.

**2.** Rule C(6) provides in relevant part:

The claimant of property that is the subject of an action in rem shall file a claim within 10 days after process has been executed, or within such additional time as may be allowed by the court, and shall serve an answer within 20 days after the filing of the claim.

their claim must fail for a number of reasons. First of all, to the extent that the claim is based on Rule 60(b)(1) ("mistake, inadvertence, surprise, or excusable neglect"), the motion is time-barred since it was filed more than one year after judgment was entered. *Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 59 v. Superline Transportation Company, Inc.*, 953 F.2d 17, 20 & n. 3 (1st Cir.1992); *U.S. v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 660–61 (1st Cir.1990).

■ Also, even if the motion had been timely filed (a finding we do not make), claimants have not met the burden of showing "excusable neglect." As the First Circuit has recently opined, "[i]n order to be entitled to relief under Rule 60(b) claimant must show that there was a good reason for the default and that he has a meritorious defense." *U.S. v. One Lot of $25,-721.00 in Currency*, 938 F.2d 1417, 1421 (1st Cir.1991); *United States v. Proceeds of Sale of 3,888 Pounds Atlantic Sea Scallops*, 857 F.2d 46, 48 (1st Cir.1988). Here, as we found above, claimants have come forward with no credible reason explaining the long delay before filing. As such, claimants are entitled to no relief pursuant to Rule 60(b)(1).

■ Finally, were we to construe claimants' motion as one for relief under Fed. R.Civ.P. 60(b)(6), the result would be the same. First of all, the United States Supreme Court has recently found that the logic of their holding in *Klapprott v. United States*, 335 U.S. 601, 613, 69 S.Ct. 384, 389, 93 L.Ed. 266 (1949)—that movant can be afforded no relief under Rule 60(b)(6) where the motion is actually based on grounds specified in (b)(1)—should be extended to the grounds in Rule 60(b)(1)–(5) with the result that these provisions and Rule 60(b)(6) are mutually exclusive. *Liljeberg v. Health Services Acquisition Corp.*,

486 U.S. 847, 863 n. 11, 108 S.Ct. 2194, 2204 n. 11, 100 L.Ed.2d 855 (1988); *United States v. Parcel of Land with Bldg., Appurtenances etc.*, 928 F.2d 1, 5 (1st Cir. 1991). Therefore, the claimants are precluded from clothing their request for relief in the garment of Rule 60(b)(6) when in fact the allegations raise grounds considered in Rule 60(b)(1)–(5). Second, claimants received notice that the forfeiture action was pending. Yet they never sought to file a claim; moved to amend the judgment pursuant to Fed.R.Civ.P. 59(e) or sought to appeal the judgment. As the United States Court of Appeals for the First Circuit has again recently opined, "Rule 60(b)(6) may not be used to escape the consequences of the movant's dilatory failure to take a timely appeal." *Infanzón–Mitchell v. Hobbs*, 951 F.2d 417, 420 (1st Cir.1991); *United States v. Berenguer*, 821 F.2d 19, 21 (1st Cir.1987). Given that claimants have failed to present any facts which would demonstrate "extraordinary circumstances" preventing a timely appeal of the judgment, *Infanzón–Mitchell*, 951 F.2d at 420; *see Ackermann v. United States*, 340 U.S. 193, 197–202, 71 S.Ct. 209, 211–213, 95 L.Ed. 207 (1950), claimants can find no relief under Rule 60(b)(6). Also, we think that claimants' seven-and-a-half year wait to seek relief is unreasonable and, therefore, rule that any Rule 60(b)(6) motion would be time-barred as well.

We, therefore, deny claimants' motion to reopen the forfeiture proceeding and to hold a hearing.[3]

IT IS SO ORDERED.

---

3. In their response, the government also argues that this court does not have jurisdiction to rule on claimants' motion. We follow the lead of both the United States Supreme Court and the First Circuit, who have ruled that "when the case can alternatively be resolved on the merits in favor of the same party, difficult questions of jurisdiction can be avoided by reaching the mer-

its." *Parcel of Land*, 928 F.2d at 4; *see also Norton v. Mathews*, 427 U.S. 524, 532, 96 S.Ct. 2771, 2775, 49 L.Ed.2d 672 (1976); *Caribbean Transp. Systems Inc. v. Autoridad de las Navieras*, 901 F.2d 196, 197 (1st Cir.1990); *Kaiser v. Armstrong World Indus., Inc.*, 872 F.2d 512, 514 (1st Cir.1989); *Robinson v. Department of Public Utilities*, 835 F.2d 19, 21 (1st Cir.1987). Accord-

ingly, we rule on the merits and avoid the difficult jurisdictional issue raised by the government.