**Arnaldo ORTIZ CAMERON, Plaintiff,**

v.

**DRUG ENFORCEMENT ADMINISTRATION, Defendant,**

**Eric ORTIZ CAMERON, Plaintiff,**

v.

**DRUG ENFORCEMENT ADMINISTRATION, Defendant.**

Nos. 94–2475 (HL), 94–2476 (HL).

United States District Court, D. Puerto Rico.

March 7, 1997.

Frank D. Inserni–Milam, San Juan, PR, for Arnaldo Ortiz Cameron.

Arnaldo Ortiz Cameron, Garrochales, PR, pro se.

Eric A. Ortiz Cameron, Garrochales, PR, pro se.

Jacqueline D. Novas–Debien, U.S. Attorney's Office District of P.R., Civil Division, Hato Rey, PR, for Defendant.

## OPINION AND ORDER

LAFFITTE, District Judge.

Before the Court is Defendant's motion for summary judgment on the grounds of res judicata and Plaintiffs' failure to state a claim upon which relief may be granted. In opposition to Defendant's motion, Plaintiffs request a Rule 56(f) extension for the third time, argue against the applicability of res judicata, and cross-move for partial summary judgment on the grounds that the Supreme Court's December 13, 1993 decision in *United States v. James Daniel Good Real Property*, 510 U.S. 43, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993) is retroactive to the 1989–1990 civil forfeiture cases. Having found that Plaintiffs' claims are barred by the res judicata doctrine and Plaintiffs have failed to state a viable cause of action, the Court grants Defendant's motion for summary judgment.

## STANDARD OF REVIEW

In a run of the mill motion for summary judgment, the Court evaluates whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no *genuine* issue as to any *material* fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c) (emphasis added); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

In this case, Defendant's motion for summary judgment and Plaintiffs' cross-motion for partial summary judgment are not typical. The exact same motion for summary judgment could have been filed years ago as a motion to dismiss. It assumes that Plaintiffs' allegations are true and relies completely on the legal precepts of res judicata and the non-retroactivity of the *James Daniel Good Real Property* decision. In accordance with the Rule 56 standard of review, the Court shall construe the non-movant's allegations as true when properly supported by evidence in the record and draw all reasonable inferences therefrom in the non-movant's favor. Regardless of the facts alleged, however, the Court would reach the same legal conclusions and the same result.

Because Plaintiffs invoke Rule 56(f), it is important to define the essential elements that the Court must consider before ruling upon such a request. The Rule 56(f) request must meet five requirements: (1) *authoritativeness* i.e. an attorney under pain of Rule 11 sanctions or a party must submit the request; (2) *timeliness* i.e. the request

should be made within a reasonable time following the summary judgment motion; (3) *good cause* i.e. the party must demonstrate good cause for failing to conduct the discovery previously; (4) *utility* i.e. there must be a plausible basis to believe that discoverable materials exist that would likely raise a genuine issue of material fact; and (5) *materiality* i.e. the requested discovery materials must be material to the legal dispute at the heart of the summary judgment motion. *Resolution Trust Corp. v. North Bridge Assoc., Inc.*, 22 F.3d 1198, 1203 (1st Cir.1994).

As the Court stated in *Vazquez Gonzalez v. K–Mart Corp.*, 940 F.Supp. 429, 431 (D.P.R.1996),

> Courts should generally grant Rule 56(f) requests unless the party has been dilatory in conducting discovery or the motion is really a wolf draped in sheep's clothing to delay the litigation in the case. *Id.; see also Ayala–Gerena v. Bristol Myers–Squibb Co.*, 95 F.3d 86, 92–94 (1st Cir.1996) (affirming district court's denial of a Rule 56(f) request because the party failed to exercise due diligence during discovery). A Rule 56(f) request, however, can not save a nonmovant from losing the motion if there is no genuine issue of material fact in dispute and the moving party is entitled to judgment as a matter of law. In such cases, the request only forestalls the inevitable dismissal of the complaint.

With this standard of review in mind, the Court shall proceed to evaluate the merits of Defendant's motion for summary judgment, Plaintiffs' opposition thereto, and Plaintiffs' cross-motion.

### FACTS

Plaintiffs, Arnaldo Ortiz Cameron ("Arnaldo") and Eric Ortiz Cameron ("Eric"), are brothers of the convicted drug smuggler Luis Hiram Ortiz Cameron ("Luis").[1] According to the Government, Luis bought several dairy farms, animals, and farming equipment with his profits from the drug smuggling enterprise. On November 3, 1989 and No-

vember 9, 1989, the Government initiated two separate *in rem* civil forfeiture proceedings pursuant to 21 U.S.C.A. § 881(a)(6) (1981), Civil Case Number 89–1431(JP) and Civil Case Number 89–1464(CC). Def.'s Mot., Dkt. No. 29 at Exs. E & L. In the civil forfeiture complaints, the Government alleged that the defendant properties were proceeds traceable to the sale of controlled substances.

After the United States Marshals seized the defendant properties in Civil Case Numbers 89–1431(JP) and 89–1464(CC), Arnaldo and Eric attempted to file claims for several of the properties. Their claims, however, were stricken from the Record because Judge Pieras and Judge Cerezo found that they did not have standing to assert their rights to the defendant properties. Under 21 U.S.C.A. § 881(b) (Supp.1996) and Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims, Arnaldo and Eric had to file their claims for the properties within 10 days of being served with the pleadings and they had to file their answers to the complaint within 20 days of filing their respective claims. *United States v. One Dairy Farm*, 918 F.2d 310, 311 (1st Cir. 1990).

The United States Marshals served the civil forfeiture complaint in Civil Case Number 89–1431(JP) upon Arnaldo and upon Eric through Arnaldo on November 4, 1989. *Id.* Arnaldo and Eric waited, however, until December 11, 1989 to file their claims for some of the defendant properties and until December 27, 1989 to file their answers to the complaint. *Id.; Def.'s Mot., Dkt. No. 29 at Exs. M, N, O, & P. Because they filed their claims beyond the 10 day claim period and the 20 day answer period, Judge Pieras struck their claims from the Record and dismissed their claims with prejudice. Def.'s Mot., Dkt. No. 29 at Ex. Q. His finding that Arnaldo and Eric both lacked standing to make claims for the defendant properties was affirmed by the First Circuit. *One*

---

1. The prosecution and conviction of Luis Hiram Ortiz Cameron is not relevant to the resolution of Plaintiffs' claims. For additional background information on Luis' conviction, *see United States v. Ortiz–Arrigoitia & Ortiz–Cameron*, 996 F.2d

436 (1st Cir.1993), *cert. denied*, 511 U.S. 1003, 114 S.Ct. 1368, 128 L.Ed.2d 45 (1994). The Court notes that Luis is apparently moving for a new trial on the grounds that there is new exculpatory evidence.

*Dairy Farm,* 918 F.2d at 313. The First Circuit refused to relieve Arnaldo and Eric of "the harsh consequences emanating from their failure to file a timely claim and answer." *Id.* at 311. It found that they "completely disregarded the time requirements for filing both the claim and the answer" and they "failed to advance any reason which would warrant relieving them of the consequences of their own inaction." *Id.* at 312–13.

A similar proceeding and result occurred in Civil Case Number 89–1464(CC). The Government filed the 89–1464(CC) complaint on November 9, 1989. A few days later, on November 13, 1989, the United States Marshals served Arnaldo and Eric with the pleadings. Def.'s Mot., Dkt. No. 29, Ex. H at 7. Arnaldo and Eric, therefore, had until November 23, 1989 to file a claim for some or all of the defendant properties. Without obtaining an extension of time, Arnaldo filed his claim on December 11, 1989 and an answer to the complaint on December 27, 1989. Def.'s Mot., Dkt. No. 29 at Ex. F & G. Eric never filed a claim or an answer. Def.'s Mot., Dkt. No. 29 at Ex. I. Immediately thereafter, when the Government moved to dismiss their belated claims, Judge Cerezo found that Arnaldo and Eric lacked standing to challenge the forfeiture of the properties because Arnaldo filed his claim beyond the 10 day period and Eric never filed his claim. Def.'s Mot., Dkt. No. 29 at Exs. I & J. Judge Cerezo also ruled that, even if Arnaldo filed a timely claim, Arnaldo's claim would be dismissed because he could not recover the defendant properties as a proclaimed unsecured creditor of Luis, the owner of the properties. Def.'s Mot., Dkt. No. 29 at Ex. I at 8–10. Arnaldo and Eric never appealed Judge Cerezo's Opinion and Order to the First Circuit.

Despite their failure to make timely claims, Arnaldo and Eric continued to pursue their interest in the properties. They filed the instant lawsuit proclaiming that: (1) they either jointly owned with Luis or owned by themselves several of the forfeited properties in Civil Case Numbers 89–1431(JP) and 89–1464(CC); (2) the Supreme Court's decision in *United States v. James Daniel Good Real*

*Property,* 510 U.S. 43, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993) retroactively applied to the 1989–1990 civil forfeiture proceedings; (3) the United States Marshals failed to notify them and provide them with an opportunity to be heard before the seizure in violation of the new rule of civil constitutional law announced in *James Daniel Good Real Property;* and (4) the United States Marshals improperly served Arnaldo with the pleadings by informing him that they were for his brother Luis, *see* Pls.' Opp'n Mot., Dkt. No. 52 at 6–7, Ex. CC–1 & GG–Tr. p. 16, and improperly served Eric through Arnaldo. *Id.* at 9.

## DISCUSSION

Defendant moves for summary judgment on the grounds that Plaintiffs' claims are barred by the doctrine of res judicata and Plaintiffs have failed to state a claim upon which relief may be granted because the *James Daniel Good Real Property* rule is not retroactive to the civil forfeiture proceedings. Plaintiffs, of course, reject Defendant's arguments. They first appeal to Rule 56(f) for an extension of time to oppose Defendant's motion. Plaintiffs subsequently contend that res judicata is not applicable because the dismissal of their claims from the prior civil forfeiture proceedings was not "on the merits." Finally, Plaintiffs also assert that the Government violated the *James Daniel Good Real Property* rule which they argue applies retroactively to the 1989–1990 civil forfeiture proceedings.

*A. Plaintiff's Rule 56(f) Request:*

Plaintiffs spend several pages of their motion discussing their need for additional time to conduct discovery. Plaintiffs argue that they must depose United States Marshal Roberto Vizcarrondo, United States Marshal Roberto Sanchez, and D.E.A. agent Joe H. Figueroa. Plaintiffs believe that this additional discovery will shed light on how Defendant seized their properties without proper notice and intermingled their properties recklessly. Furthermore, Plaintiffs argue that "[t]he discovery would have produced documents seized by the DEA which corroborate the fact that the Ortiz Dairy Farm was

being mainly financed with loans from the Federal Land Bank and Puerto Rico Production Credit. . . ." Pls.' Opp'n Mot., Dkt. No. 52 at 3.

■ On two prior occasions, the Court denied Plaintiffs' Rule 56(f) requests for an extension of time. Dkt. Nos. 49 & 51. The Court explained that the November 2, 1995 Scheduling Order established an April 12, 1996 discovery deadline. Plaintiffs, representing themselves pro se at that time, had ample opportunity to conduct discovery and, in fact, submitted several discovery requests to Defendant. The Court properly refused to extend the discovery deadline simply because Plaintiffs decided to select counsel at the eleventh hour.

■ Even if the Court was willing to extend the discovery deadline, the Court would reach the same result and deny Plaintiffs' Rule 56(f) request. First, Plaintiffs have failed to demonstrate good cause for not conducting the discovery previously. Plaintiffs allege that "within an extension granted by the court [they] notified the defendant of the taking of two of the depositions . . . but they failed to appear. This was notified to the Honorable Court but it later decided that the discovery process has terminated." Pls.' Opp'n., Dkt. No. 52 at 2. There is no evidentiary support in the Record for Plaintiffs' allegation. The Court never extended the discovery deadline to permit Plaintiffs to conduct depositions. Indeed, the Court only granted Defendant an extension of time to answer Plaintiffs' interrogatories. Dkt. No. 31. Furthermore, Plaintiffs never notified the Court that certain individuals failed to appear for scheduled depositions. Plaintiffs' lack of diligence in prosecuting their claims is not good cause for extending the discovery deadline.

■ Second and most importantly, the requested discovery is not material to the resolution of Defendant's motion for summary judgment. Discovery on whether the United States Marshals properly served the pleadings of the prior civil forfeiture proceedings upon Plaintiffs is irrelevant for the purposes of Defendant's motion for summary judgment on res judicata grounds. A finding of res judicata would save the parties the time and expense of conducting unnecessary discovery. Furthermore, in light of the Court's decision regarding the non-retroactivity of the *James Daniel Good Real Property* rule to the prior civil forfeiture proceedings, additional discovery on service of process would be pointless. *See supra* at 98–99.

Consequently, the Court hereby denies for the third and final time Plaintiffs' Rule 56(f) request for additional time to conduct discovery in order to oppose Defendant's motion for summary judgment.

### B. The Applicability of Res Judicata:

Defendant asserts that the decisions of Judge Pieras and Judge Cerezo in Civil Case Numbers 89–1431(JP) and 89–1464(CC) preclude Plaintiffs from now claiming an interest in the defendant properties of those two cases. The doctrine of res judicata encompasses claim preclusion and issue preclusion. Claim preclusion is the one most relevant to the case at hand.

"[C]laim preclusion . . . bars the relitigation of any issue that was, or *might have been,* raised in respect to the subject matter of the prior litigation." *Grella v. Salem Five Cent Savings Bank,* 42 F.3d 26, 30 (1st Cir. 1994). If the Government can demonstrate that claim preclusion applies in this case, Plaintiffs may not use the instant complaint to raise issues that were discussed or could have been discussed in the prior civil forfeiture proceedings. Given the fact that Plaintiffs sought the recovery of several defendant properties in the prior lawsuits and could have raised a myriad of different claims related to the Marshals' alleged failure to serve them properly pursuant to Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims, Plaintiffs' instant claims would be precluded by the doctrine.

Defendant has the burden of proving that the three essential elements of claim preclusion are present. These elements are: (1) a final and unappealable judgment on the merits in Civil Case Numbers 89–1431(JP) and 89–1464(CC); (2) an identity of the parties in the civil forfeiture suits and the instant lawsuit; and (3) an identity of the causes of action in the civil forfeiture proceedings and

the instant suit. *Id.* The causes of action are identical when the prior claims and the subsequent claims "derive from a common nucleus of operative facts." *Gonzalez v. Banco Central Corp.*, 27 F.3d 751, 755 (1st Cir. 1994). Should the facts in both suits relate to each other in time, space, origin, or motivation and should the parties reasonably expect that the claims in both suits are so related that they would be tried together as a unit, there is no question that the separate claims in both suits derive from a common nucleus of operative facts. *Id.* at 756. Significantly, "a particular legal theory not pressed in the original suit will nonetheless be precluded in the subsequent one if it prescinds from the same set of operative facts." *Kale v. Combined Insurance Co. of America*, 924 F.2d 1161, 1166 (1st Cir.1991), *cert. denied*, 502 U.S. 816, 112 S.Ct. 69, 116 L.Ed.2d 44 (1991). All legal theories related to claims that derive from the same operative facts must be alleged in the initial lawsuit.

There is no dispute that the prior civil forfeiture proceedings and Plaintiffs' instant complaint have the identical parties and have claims which derive from a common nucleus of operative facts. In the civil forfeiture proceedings and in the instant suit, Plaintiffs are seeking to recover the same properties which the Government seized. Plaintiffs' claims for the properties in the civil forfeiture proceedings are so obviously related to Plaintiffs' instant allegations that the parties should have reasonably expected them to be tried together as a unit. Plaintiffs' invocation of two new legal theories for the first time, improper service of process and the application of the *James Daniel Good Real Property* rule, does not overcome the preclusive effect of the prior civil forfeiture proceedings.

The crucial issue, therefore, is whether there was a judgment "on the merits" in Civil Case Numbers 89–1431(JP) and 89–1464(CC). In an attempt to distinguish the claim preclusion doctrine, Plaintiffs argue that the dismissal of their claims in both civil forfeiture proceedings was not a dismissal on the merits.

When analyzed carefully, however, Plaintiffs' claim rings hollow. Judge Pieras' decision to dismiss Arnaldo and Eric's claims because they filed them beyond the 20 day claim period was affirmed by the First Circuit. Judge Pieras did not dismiss their claims with the intention that Plaintiffs could re-allege their causes of action in a different forum or in a different suit. Indeed, Judge Pieras dismissed their claims with prejudice. That decision was clearly "on the merits." Similarly, Judge Cerezo's decision to dismiss their claims for the same reason was a decision that precluded Plaintiffs from bringing any future claim for the defendant properties. It was also a decision "on the merits." To make matters worse for Arnaldo, Judge Cerezo also found that his claims were based on his status as an unsecured creditor of Luis and, therefore, were not permissible claims under the civil forfeiture statute.

Although neither party mentions it, whether the dismissal of Plaintiffs' claims in Civil Case Numbers 89–1431(JP) and 89–1464(CC) constitute dismissals on jurisdictional grounds is an important factor in determining whether the dismissal was on the merits. Under Federal Rule of Civil Procedure 41(b), an involuntary dismissal on jurisdictional grounds is not a dismissal on the merits. Some courts, like the Eighth Circuit in *McCarney v. Ford Motor Co.*, 657 F.2d 230, 234 (8th Cir.1981), have found that a dismissal for lack of standing is a dismissal on jurisdictional grounds and, consequently, not on the merits. Plaintiffs could plausibly argue that the dismissal of their claims in the civil forfeiture proceedings for lack of standing was jurisdictional and, therefore, does not preclude a subsequent suit to recover the properties.

A close inspection of Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims and the typical cases dismissing complaints for lack of standing demonstrates clearly that the dismissal of Plaintiffs' claims in the civil forfeiture proceedings is more analogous to a dismissal on statute of limitations grounds than a dismissal on jurisdictional grounds. In a typical case, a dismissal because the party lacks standing does not foreclose the party from seeking the same relief again in the future or different relief for the same allegedly unlaw-

ful conduct in a subsequent lawsuit. For example, although the Supreme Court found that the Sierra Club did not have standing to sue and affirmed the Ninth Circuit's decision to vacate the preliminary injunction in *Sierra Club v. Morton*, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972), the Sierra Club was able to acquire standing subsequently and sue for the same relief based on an identical cause of action.[2] Similarly, in *McCarney*, the plaintiffs' complaint was originally dismissed for lack of standing because the individual plaintiffs were not permitted to seek relief under the Automobile Dealers' Day Act. *Id.* at 231. At a later date, however, the Court allowed the plaintiffs to seek similar relief based on other grounds for the same allegedly unlawful actions.

In contrast, a dismissal on statute of limitations grounds forecloses the party from ever filing a similar claim again. *Kale v. Combined Insurance Co. of America*, 924 F.2d 1161, 1164 (1st Cir.1991), *cert. denied,* 502 U.S. 816, 112 S.Ct. 69, 116 L.Ed.2d 44 (1991); *Rose v. Town of Harwich*, 778 F.2d 77, 81 (1st Cir.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2278, 90 L.Ed.2d 720 (1986). Unlike a jurisdictional flaw, this procedural defect acts as a bar to any future claims for relief.

The time provisions in Rule C(6) are analogous to a statute of limitations for filing claims in civil forfeiture proceedings. The 10 day claim period and the subsequent 20 day answer period in Rule C(6) is designed "to force claimants to come forward as soon as possible after forfeiture proceedings have begun and to prevent false claims." *United States v. One Urban Lot Located at 1 Street A–1*, 885 F.2d 994, 1001 (1st Cir.1989). A dismissal for failure to comply with Rule C(6) forecloses a claimant from ever bringing a second suit or a future claim for the defendant properties.

This makes perfect sense in light of the purpose of the rule. A holding which permitted claimants to seek possession of the defendant properties in a second lawsuit following the dismissal of their claims for failure to file

a timely claim would render Rule C(6) superfluous. Two scenarios which defeat the purpose of the rule are possible. First, a claimant may file a belated claim, wait for the Court to dismiss the claim for lack of standing, and file a subsequent suit making the same assertion for the recovery of the property. This is exactly what Plaintiffs have done in the instant case. Second, a claimant could also ignore the civil forfeiture proceedings entirely, never file a claim, never have their initial claims dismissed, and seek relief under a separate lawsuit. Either scenario is impermissible because it would undercut the entire civil forfeiture statutory proceeding.

■ In the final analysis, therefore, the Court finds that the dismissals of Plaintiffs' claims in the prior civil forfeiture proceedings were "on the merits." Claim preclusion clearly applies. Plaintiffs may not seek relief for any claims that derive from the same nucleus of operative facts in the civil forfeiture proceedings. Plaintiffs, therefore, are precluded from alleging that the United States Marshals failed to serve them properly with the civil forfeiture pleadings in Civil Case Numbers 89–1431 (JP) and 89–1464(CC). This was a claim that Plaintiffs should have brought before Judge Pieras and Judge Cerezo in the prior lawsuits.

For Plaintiffs, this may appear to be another harsh consequence of legal rules. Plaintiffs initially appealed to the First Circuit complaining that the dismissal of their claims for failure to comply with Rule C(6)'s 20 day claim period was a severe penalty for non-compliance. The First Circuit, of course, rejected their argument. *One Dairy Farm*, 918 F.2d at 311–13. The dismissal of the instant lawsuit on res judicata grounds is another penalty for the same non-compliance with Rule C(6) and arguably also a harsh consequence. This is especially true if Plaintiffs could, as they argue, provide evidentiary support for the United States Marshals' failure to serve the civil forfeiture pleadings upon them properly.

---

**2.** *See* Erwin Chemerinsky, *Federal Jurisdiction* § 2.3 at 60 (2d ed.1994). Professor Chemerinsky does a superb job in addressing the injury, causa-tion, and redressibility requirements for standing as well as the various interpretations of the Supreme Court decisions on standing.

Plaintiffs must keep in mind, however, that: "an 'erroneous conclusion' reached by the court in the first suit does not deprive the defendants in the second action 'of their right to rely upon the plea of *res judicata* .... A judgment merely voidable because based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause [of action].'" *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981) (quoting authority omitted).

*C. James Daniel Good Real Property Rule:*

Plaintiffs' complaint and motion rely principally upon the new rule of civil constitutional law that the Supreme Court announced in *United States v. James Daniel Good Real Property,* 510 U.S. 43, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993) on December 13, 1993. As a result of this decision, the Government must not seize real property "without first affording the owner notice and an opportunity to be heard" unless there are exigent circumstances *Id.* at 46, 114 S.Ct. at 497. Because the Government seized the defendant real properties in Civil Case Numbers 89–1431(JP) and 89–1464(CC) without notifying Plaintiffs or their brother beforehand and without giving Plaintiffs an opportunity to contest the seizure before it occurred, Plaintiffs argue that the Government violated the *James Daniel Good Real Property* pre-seizure notice rule. Plaintiffs not only rely on this rule for their Fourth, Fifth, and Eighth Amendment claims but also as a means to avoid the harsh results of claim preclusion.

At a cursory glance, Plaintiffs' argument seems powerful. The United States Marshals in Civil Case Numbers 89–1431(JP) and 89–1464(CC) may have violated a civil constitutional rule of law requiring pre-seizure notice and an opportunity to be heard. Unfortunately for Plaintiffs, the *James Daniel Good Real Property* rule is *not* retroactive to these civil forfeiture proceedings. Undoubtedly, Plaintiffs are correct when they argue in a footnote that the decision is retroactive. It is only retroactive, however, to all civil cases which were still pending on

either direct review or appeal when the December 13, 1993 decision was reached. *United States v. One Urban Lot No. 14,126,* 941 F.Supp. 19, 21 (D.P.R.1996) (explaining retroactivity rule and applying the new constitutional rule because the civil forfeiture proceedings were still pending on December 13, 1993); *United States v. Real Property Located At 20832 Big Rock Drive,* 51 F.3d 1402, 1405–06 (9th Cir.1995) (same); *Harper v. Virginia Dep't of Taxation,* 509 U.S. 86, 95–97, 113 S.Ct. 2510, 2517, 125 L.Ed.2d 74 (1993) (announcing and explaining the retroactivity rule for civil cases).

Because Civil Case Number 89–1431(JP) terminated on November 9, 1990 when the First Circuit affirmed Judge Pieras' dismissal of their claims in *One Dairy Farm,* 918 F.2d at 313 and because Civil Case Number 89–1464(CC) terminated on June 25, 1990 when Judge Cerezo forfeited the properties to the Government, the new constitutional rule in *James Daniel Good Real Property* is not retroactive to these civil proceedings. As a result, Plaintiffs may not rely on the rule either to avoid res judicata or to seek damages for improper service of process.

**CONCLUSION**

Plaintiffs are looking for a second bite at the apple. In 1990, Judge Pieras and Judge Cerezo held that they failed to file timely claims for the defendant properties in Civil Case Numbers 89–1431(JP) and 89–1464(CC) and, consequently, dismissed their claims. Plaintiffs are attempting to collaterally attack these prior decisions and their failure to recover the defendant properties by alleging that the United States Marshals failed to properly serve them with the pleadings in both civil forfeiture cases. Under the doctrine of res judicata, Plaintiffs are precluded from attacking the forfeiture of the properties. Furthermore, Plaintiffs' reliance upon the Supreme Court's decision in *United States v. James Daniel Good Real Property,* 510 U.S. 43, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993) is misplaced. The new rule of civil constitutional law announced in that decision is not retroactive to Civil Case Numbers 89–1431(JP) and 89–1464(CC). Therefore, the Court hereby **grants** Defendant's motion for

summary judgment, **denies** Plaintiffs' cross-motion for partial summary judgment, dismisses Plaintiffs' complaints in Civil Case Numbers 94–2475(HL) and 94–2476(HL) **with prejudice** and without costs or attorneys' fees, and **enters judgment** accordingly.

**IT IS SO ORDERED.**