Arnaldo ORTIZ–CAMERON and Eric A. Ortiz–Cameron, Plaintiffs— Appellants,

Jose A. Lopez–Caceres, Plaintiff— Appellee,

v.

DRUG ENFORCEMENT ADMINISTRATION, Defendant— Appellee.

No. 97–1496.

United States Court of Appeals, First Circuit.

Heard Feb. 6, 1998

Decided March 16, 1998.

See also: 918 F.2d 310.

Frank D. Inserni for appellants.

Miguel A. Fernández, Assistant United States Attorney, with whom Guillermo Gil, United States Attorney, and Jacqueline D. Novas, Assistant United States Attorney, Hato Rey, PR, were on brief, for appellee Drug Enforcement Administration.

Before TORRUELLA, Chief Judge, CYR, Senior Circuit Judge, LYNCH, Circuit Judge.

TORRUELLA, Chief Judge.

Brothers Arnaldo Ortiz–Cameron ("Arnaldo") and Eric Ortiz–Cameron ("Eric") challenge the district court's order dismissing their complaint against the Drug Enforcement Administration ("DEA") which claimed an interest in various properties seized in prior civil forfeiture proceedings. We find that the doctrine of res judicata bars the brothers' action. Accordingly, we affirm the district court's decision.

## I. BACKGROUND

Appellants Arnaldo and Eric are brothers of Luis Hiram Ortiz–Cameron ("Luis"), a convicted drug smuggler who purchased several dairy farms as well as animals and farming equipment with profits from the illegal drug trade. On November 3, 1989, and November 9, 1989, the government filed two separate in rem civil forfeiture proceedings against this property. In the first civil forfeiture action, United States Marshals personally served Arnaldo with the pleadings on November 4, 1989. On that date, Eric also was served through his brother Arnaldo. In response, on December 11, 1989, the brothers filed claims requesting protection of their alleged interests in the defendant properties, and on December 27, 1989, they filed an answer to the government's complaint. However, the district court judge, Jaime Pieras, Jr., dismissed their claims because they failed to file their claims within the 10–day claim period and their answer within the 20–day answer period established in Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Rule C(6)"). On appeal, this court affirmed that decision. *See United States v. One Dairy Farm,* 918 F.2d 310 (1st Cir.1990).

In the second civil forfeiture proceeding, U.S. Marshals served Arnaldo and Eric with the pleadings on November 14, 1989, a few days after the filing of the action. Arnaldo failed to respond within the statutory limits, filing his claim on December 11, 1989, and his answer on December 27, 1989. Eric never filed either a claim or an answer. Consequently, the district court judge before whom this second action was filed, Chief Judge Carmen C. Cerezo, again dismissed their claims, finding that the brothers lacked standing to challenge the forfeiture of the properties. Despite these judgments against them, Arnaldo and Eric continued to pursue their interest in the properties by filing the instant action. On the DEA's motion for summary judgment, the district court dismissed their complaint. *See Ortiz Cameron v. Drug Enforcement Admin.,* 959 F.Supp. 92 (D.P.R.1997). The brothers appeal.

## II. DISCUSSION

We review a grant of summary judgment *de novo. See United Nat'l Ins. Co. v. Penuche's, Inc.,* 128 F.3d 28, 30 (1st Cir. 1997). The government asserts that the doctrine of res judicata bars the present action. The res judicata doctrine entails two different concepts—claim preclusion and issue preclusion. In entering summary judgment, the district court relied on claim preclusion principles. A claim is precluded if three requirements are met: (1) a final judgment on the merits in an earlier action; (2) a sufficient identity between the parties in the two suits; and (3) a sufficient identity of the causes of action in the two suits. *See Porn v. National Grange Mut. Ins. Co.,* 93 F.3d 31, 34 (1st Cir.1996). According to the government, final judgment in the prior civil forfeiture proceedings precludes Arnaldo and Eric from relitigating claims that were raised or could have been raised in those proceedings. Since the brothers could have raised in their *One Dairy Farm* appeal the same issues they assert here, i.e., the inadequacy of post-seizure notice and the lack of pre-seizure notice, the government contends that all of Arnaldo and Eric's instant claims are precluded.

Appellants do not dispute the presence of the second and third elements of claim preclusion in this case. However, they argue that in the prior proceedings they did not have a full and fair opportunity to have their claims adjudicated on the merits. In the first civil forfeiture action, Judge Pieras determined that the brothers lacked standing to pursue their claims because they failed to comply with the statutory deadlines. This court affirmed that decision. We thus take it as established as to the first property seized

that Arnaldo and Eric had actual notice of the seizure, *see One Dairy Farm,* 918 F.2d at 311, and an opportunity to litigate their present claims. The same is also true as to the second seizure. In the second civil forfeiture proceeding, Judge Cerezo also decided that appellants lacked standing since Arnaldo filed a late claim and Eric never responded to the government's complaint. Judge Cerezo also ruled that, even if Arnaldo had filed a timely claim, his status as an unsecured creditor of Luis precluded him from recovering under the civil forfeiture statute. Neither Arnaldo nor Eric appealed Judge Cerezo's ruling to this court.

Under these circumstances, we find the judgments in the two prior civil forfeiture proceedings to be "on the merits." As this court noted in *Kale v. Combined Ins. Co. of Am.,* 924 F.2d 1161 (1st Cir.1991), "the dismissal of a claim as time-barred [by the statute of limitations] constitutes a judgment on the merits, entitled to preclusive effect." *Id.* at 1164 (citing *Rose v. Town of Harwich,* 778 F.2d 77, 80 (1st Cir.1985)).

■ We agree with the district court that the dismissal of the brothers' claims is analogous to a dismissal on statute of limitation grounds. The purpose behind Rule C(6) is "to require claimants to come forward as quickly as possible after the initiation of forfeiture proceedings, so that the court may hear all interested parties and resolve the dispute without delay." *See United States v. Various Computers and Computer Equip.,* 82 F.3d 582, 585 (3d Cir.1996). If a putative claimant who has received proper notice fails to file within Rule C(6)'s time limits, he or she may not bring a future claim for the properties at issue. *Cf. United States v. Real Property located in Fresno County,* 135 F.3d 1312, 1317 (9th Cir.1998) (Rule C(6)'s purpose would be "ill-served if any person with an ownership interest in a property . . . were empowered to challenge a forfeiture judgment long after judgment had been entered."). Finding that the 10–day claim period and 20–day answer period established by Rule C(6) are analogous to a statute of limitations, we hold that Arnaldo and Eric's claims are precluded by the doctrine of res judicata.

Arnaldo and Eric also argue that the district court erred in failing to extend the discovery deadline established in its initial scheduling order. They allege that the additional time to conduct discovery would have uncovered evidence that the DEA seized their property without proper notice as well as recklessly intermingling their properties. However, as the district court observed, a finding of res judicata "save[s] the parties the time and expense of conducting unnecessary discovery." *See* 959 F.Supp. at 96. Having decided the res judicata issue in the government's favor, we need not address whether the district court erred in denying appellants' request for additional discovery time.

### III. CONCLUSION

For the foregoing reasons, the district court's opinion and order is *affirmed.*

Costs to be assessed against appellants.