USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________  No. 97-1496  ARNALDO ORTIZ-CAMERON AND ERIC A. ORTIZ-CAMERON, Plaintiffs - Appellants,  ____________________  JOSE A. LOPEZ-CACERES, Plaintiff - Appellee,  v.  DRUG ENFORCEMENT ADMINISTRATION, Defendant - Appellee.  ____________________  APPEAL FROM THE UNITED STATES DISTRICT COURT  FOR THE DISTRICT OF PUERTO RICO  [Hon. Hctor M. Laffitte, U.S. District Judge]  ____________________  Before  Torruella, Chief Judge,  Cyr, Senior Circuit Judge,  Lynch, Circuit Judge.  _____________________  Frank D. Inserni for appellants. Miguel A. Fern ndez, Assistant United States Attorney, with whomGuillermo Gil, United States Attorney, and Jacqueline D. Novas,Assistant United States Attorney, were on brief for appellee Drug Enforcement Administration.    ____________________  March 16, 1998 ____________________ TORRUELLA, Chief Judge. Brothers Arnaldo Ortiz-Cameron("Arnaldo") and Eric Ortiz-Cameron ("Eric") challenge thedistrict court's order dismissing their complaint against theDrug Enforcement Administration ("DEA") which claimed an interestin various properties seized in prior civil forfeitureproceedings. We find that the doctrine of res judicata bars thebrothers' action. Accordingly, we affirm the district court'sdecision.I. BACKGROUND Appellants Arnaldo and Eric are brothers of Luis HiramOrtiz-Cameron ("Luis"), a convicted drug smuggler who purchased several dairy farms as well as animals and farming equipment withprofits from the illegal drug trade. On November 3, 1989, andNovember 9, 1989, the government filed two separate in rem civilforfeiture proceedings against this property. In the first civilforfeiture action, United States Marshals personally served Arnaldowith the pleadings on November 4, 1989. On that date, Eric alsowas served through his brother Arnaldo. In response, onDecember 11, 1989, the brothers filed claims requesting protectionof their alleged interests in the defendant properties, and onDecember 27, 1989, they filed an answer to the government'scomplaint. However, the district court judge, Jaime Pieras, Jr.,dismissed their claims because they failed to file their claimswithin the 10-day claim period and their answer within the 20-dayanswer period established in Rule C(6) of the Supplemental Rulesfor Certain Admiralty and Maritime Claims ("Rule C(6)"). Onappeal, this court affirmed that decision. See United States v.One Dairy Farm, 918 F.2d 310 (1st Cir. 1990). In the second civil forfeiture proceeding, U.S. Marshalsserved Arnaldo and Eric with the pleadings on November 14, 1989, afew days after the filing of the action. Arnaldo failed to respondwithin the statutory limits, filing his claim on December 11, 1989,and his answer on December 27, 1989. Eric never filed either aclaim or an answer. Consequently, the district court judge beforewhom this second action was filed, Chief Judge Carmen C. Cerezo,again dismissed their claims, finding that the brothers lackedstanding to challenge the forfeiture of the properties. Despitethese judgments against them, Arnaldo and Eric continued to pursuetheir interest in the properties by filing the instant action. Onthe DEA's motion for summary judgment, the district court dismissedtheir complaint. See Ortiz Cameron v. Drug Enforcement Admin., 959F. Supp. 92 (D.P.R. 1997). The brothers appeal. II. DISCUSSION We review a grant of summary judgment de novo. SeeUnited Nat'l Ins. Co. v. Penuche's, Inc., 128 F.3d 28, 30 (1st Cir.1997). The government asserts that the doctrine of res judicatabars the present action. The res judicata doctrine entails twodifferent concepts--claim preclusion and issue preclusion. Inentering summary judgment, the district court relied on claimpreclusion principles. A claim is precluded if three requirementsare met: (1) a final judgment on the merits in an earlier action;(2) a sufficient identity between the parties in the two suits; and(3) a sufficient identity of the causes of action in the two suits. See Porn v. National Grange Mut. Ins. Co., 93 F.3d 31, 34 (1st Cir.1996). According to the government, final judgment in the priorcivil forfeiture proceedings precludes Arnaldo and Eric fromrelitigating claims that were raised or could have been raised inthose proceedings. Since the brothers could have raised in their One Dairy Farm appeal the same issues they assert here, i.e., theinadequacy of post-seizure notice and the lack of pre-seizurenotice, the government contends that all of Arnaldo and Eric'sinstant claims are precluded. Appellants do not dispute the presence of the second andthird elements of claim preclusion in this case. However, theyargue that in the prior proceedings they did not have a full andfair opportunity to have their claims adjudicated on the merits. In the first civil forfeiture action, Judge Pieras determined thatthe brothers lacked standing to pursue their claims because theyfailed to comply with the statutory deadlines. This court affirmedthat decision. We thus take it as established as to the firstproperty seized that Arnaldo and Eric had actual notice of theseizure, see One Dairy Farm, 918 F.2d at 311, and an opportunity tolitigate their present claims. The same is also true as to thesecond seizure. In the second civil forfeiture proceeding, JudgeCerezo also decided that appellants lacked standing since Arnaldofiled a late claim and Eric never responded to the government'scomplaint. Judge Cerezo also ruled that, even if Arnaldo had fileda timely claim, his status as an unsecured creditor of Luisprecluded him from recovering under the civil forfeiture statute. Neither Arnaldo nor Eric appealed Judge Cerezo's ruling to thiscourt. Under these circumstances, we find the judgments in thetwo prior civil forfeiture proceedings to be "on the merits." Asthis court noted in Kale v. Combined Ins. Co. of Am., 924 F.2d 1161(1st Cir. 1991), "the dismissal of a claim as time-barred [by thestatute of limitations] constitutes a judgment on the merits,entitled to preclusive effect." Id. at 1164 (citing Rose v. Townof Harwich, 778 F.2d 77, 80 (1st Cir. 1985)). We agree with the district court that the dismissal ofthe brothers' claims is analogous to a dismissal on statute oflimitation grounds. The purpose behind Rule C(6) is "to requireclaimants to come forward as quickly as possible after theinitiation of forfeiture proceedings, so that the court may hearall interested parties and resolve the dispute without delay." SeeUnited States v. Various Computers and Computer Equip., 82 F.3d582, 585 (3d Cir. 1996). If a putative claimant who has receivedproper notice fails to file within Rule C(6)'s time limits, he orshe may not bring a future claim for the properties at issue. Cf.United States v. Real Property Located in Fresno County, __ F.3d__, __, 1998 WL 47135, at *6 (9th Cir. Feb. 9, 1998) (Rule C(6)'spurpose would be "ill-served if any person with an ownershipinterest in a property . . . were empowered to challenge aforfeiture judgment long after judgment had been entered."). Finding that the 10-day claim period and 20-day answer periodestablished by Rule C(6) are analogous to a statute of limitations,we hold that Arnaldo and Eric's claims are precluded by thedoctrine of res judicata. Arnaldo and Eric also argue that the district court erredin failing to extend the discovery deadline established in itsinitial scheduling order. They allege that the additional time toconduct discovery would have uncovered evidence that the DEA seizedtheir property without proper notice as well as recklesslyintermingling their properties. However, as the district courtobserved, a finding of res judicata "save[s] the parties the timeand expense of conducting unnecessary discovery." See 959 F. Supp.at 96. Having decided the res judicata issue in the government'sfavor, we need not address whether the district court erred indenying appellants' request for additional discovery time. III. CONCLUSION For the foregoing reasons, the district court's opinionand order is affirmed. Costs to be assessed against appellants.