**Efrain RAMOS BONILLA, Plaintiff**

v.

**Pierre E. VIVONI DEL VALLE et al., Defendants.**

**Civil No. 03–2265 (DRD).**

United States District Court, D. Puerto Rico.

Sept. 22, 2004.

Francisco R. Gonzalez–Colon, San Juan, PR, for Plaintiff.

Susana I. Penagaricano–Brown, San Juan, PR, for Defendants.

## ORDER

DOMINGUEZ, District Judge.

Pending before the Court is defendants, former Police Superintendent Victor Rivera González in his official capacity, former Police Superintendent Pierre Vivoni del Valle and Police Colonel Haddock Roman in their personal capacities' *Motion to Dismiss under* FED. R. CIV P. *12(B)(6)* (Docket No. 4). Co-defendants request the dismissal of plaintiff's Complaint for failure to state a claim upon which relief can be granted. Co-defendants affirm that plain-

tiff failed to state a claim pursuant to § 1983; that the claim against Victor Rivera in his official capacity should be dismissed because plaintiff is not entitled to injunctive relief [1]; that the Complaint fails to state a conspiracy claim pursuant to § 1983 and; that plaintiff fails to state a claim of supervisory liability under § 1983 against co-defendants Pierre Vivoni and Carlos Haddock. Further, co-defendants sustain that a declaratory judgment does not proceed and, alternatively, that Pierre Vivoni and Carlos Haddock are entitled to qualified immunity. As to the state law claims, co-defendants aver that once the federal claims are dismissed the Court should decline exercising jurisdiction over the state law claims.

Plaintiff duly opposed co-defendants' request. (Docket No. 11). Plaintiff sustains that there are sufficient pleadings to establish a proper cause of action pursuant to § 1983 precluding the dismissal of the instant action at this stage of the proceedings. Plaintiff further sustains that co-defendants are not entitled to the qualified immunity defense and that issuance of a declaratory judgment proceeds in this case. However, plaintiff accepts that pursuant to this Court's Judgment of April 22, 2003 in Civil Case No. 02–2002 before Honorable District Judge Pieras, all claims against all defendants *in their official capacities* were dismissed. Further, plaintiff affirms that as to co-defendants Pierre Vivoni and Carlos Haddock's liability in the instant case, the plaintiff is alleging their direct and personal involvement in

the violation of his constitutional rights and not relying on their supervisory liability.[2]

## I.

The instant Complaint was filed by Efraín Ramos–Bonilla, hereinafter Ramos–Bonilla or the plaintiff, pursuant to 42 U.S.C. § 1983, Fourth and Fourteenth Amendments, Puerto Rico's Act No. 100 of June 30 1959, 29 L.P.R.A. § 146 et seq. and Article 1802 of the Puerto Rico' Civil Code, 31 L.P.R.A. § 5141, against Pierre E Vivoni Del Valle, hereinafter Vivoni, in his personal capacity, Victor Rivera González, hereinafter Rivera–González, in his official capacity, Carlos Haddock Román, hereinafter Haddock, in his personal capacity and Josean Moreno in his personal and official capacity. Plaintiff sustains that the defendants conspired and committed acts under color of law depriving him of his constitutional rights of liberty and property.

This case was originally filed before this Court as Civil Case No. 02–2002 JP. On April 23, 2003, this Court, via Judge Pieras, dismissed **with prejudice** the causes of action under the *First Amendment,* and dismissed without prejudice the causes of action under the Fourth Amendment without reaching the issue as to qualified immunity.[3]

Before addressing co-defendants request for dismissal, the Court finds that pursuant to this Court's Opinion and Order, all actions against any of the co-defendants in

---

1. Further, he is no longer the Superintendent of the Police Department.

2. It should be noted that this Court previously found that the plaintiff failed to establish supervisory liability and **dismissed with prejudice** any claims of supervisory liability against Pierre Vivoni and Carlos Haddock. *Ramos Bonilla v. Pierre E. Vivoni,* 259 F.Supp.2d 135, 143 (D.Puerto Rico 2003).

3. The suit against any of the defendants in their official capacities was dismissed with prejudice. The Court reasoned that any suit against the defendants in their official capacity is treated as a suit against the government entity and, as such, is precluded in the federal forum by the Eleventh Amendment. *Dugan v. Rank,* 372 U.S. 609, 620, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963); *Ramos Bonilla v. Pierre E. Vivoni,* 259 F.Supp.2d at 141.

the instant case, in their official capacities, at the federal forum are precluded under the Eleventh Amendment. Accordingly, on said occasion, these actions were dismissed **with prejudice.** *Ramos Bonilla v. Pierre E. Vivoni–del–Valle,* 259 F.Supp.2d 135, 141 (D.Puerto Rico). Plaintiff insists on filing, once again, the instant Complaint against Josean Moreno in his official capacity.

■ However, this Court is precluded from revisiting the issue. Under federal law, *res judicata* principles, "a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were raised or could have been raised in that action." *Apparel Art Int'l v. Amertex Ltd.,* 48 F.3d 576, 583 (1st Cir.1995). In other words, *res judicata* "binds parties from litigating or relitigating any issue that was or could have been litigated in a prior adjudication." *Futura Development Corp. v. Centex Corp.,* 761 F.2d 33, 42 (1st Cir.1985). This doctrine applies when a final judgment on the merits of the case has been issued and there is sufficient identity between the parties and the causes in both suits. *Ortiz–Cameron v. Drug Enforcement Admin.,* 139 F.3d 4, 5 (1st Cir.1998) *citations omitted.* Accordingly, pursuant to federal *res judicata* principles, the previous judgment has become the law of the case, and the Court is barred from addressing the issue for a second time. *United States v. Mendoza,* 464 U.S. 154, 158, 104 S.Ct. 568, 571, 78 L.Ed.2d 379 (1984)("[O]nce a court has decided an issue of fact or law necessary to its judgment, that decision is conclusive in a subsequent suit based on a different cause of action involving a party to the prior litigation."). Consequently, all claims against co-defendant Josean Moreno in his official capacity are hereby, **DISMISSED WITH PREJUDICE.**

## II. MOTION TO DISMISS STANDARD

In ruling on a motion to dismiss, a court must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiffs. *Alternative Energy, Inc. v. St. Paul Fire and Marine Insurance Company,* 267 F.3d 30, 33 (1st Cir.2001). Dismissal under FED. R. CIV. PROC. 12(b)(6) is appropriate only if the facts alleged by the plaintiff, taken as true, do not justify recovery. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). Therefore, in order to survive a motion to dismiss, plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513 (1st Cir.1988).

Although the Court acknowledges that the First Circuit has held that the heightened pleading standard does not apply in federal civil rights suits *Educadores Puertorriquenos v. Rey Hernandez,* 367 F.3d 61, 66 (1st Cir.2004), the courts are still obliged to apply the pleading requirements of Fed. R. Civ P. 8(a)(2). Hence, a plaintiff must still include in the complaint a short statement that demonstrates that he is entitled to a relief. Said statement should be sufficient to provide the defendant fair notice of what the plaintiff claims and on the grounds upon which those claims rest. *Id. Citations omitted.* However, the Court is not obligated to accept plaintiff's "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard,* 83 F.3d at 3. The Court must only accept those facts that are "well pleaded," limiting its inquiry into the allegations of the complaint. *Litton Indus., Inc. v. Colon,* 587 F.2d 70, 74 (1st Cir.1978). In sum, the Court's focus should always be on "whether a *liberal reading* of [the complaint] can *reasonably* admit of a claim...." *Id.; see*

also *Rogan v. Menino,* 175 F.3d 75 (1st Cir.1999). *Emphasis added.*

Accepting as true all the factual allegations contained in the Complaint, the Court portraits the following factual scenario: [4]

### III. FACTUAL SCENARIO

On June 28, 2001, plaintiff Efraín Ramos Bonilla, hereinafter Ramos–Bonilla, a self proclaimed "Pro American" participated in a demonstration in favor of the American Flag. Said manifestation was held at *"La Lomita de los Vientos"* located across the street of the Legislature of Puerto Rico, overlooking the Atlantic Ocean. Ramos–Bonilla arrived during the morning hours to the place of the manifestation and walked to the top of the hill were the American flag had been raised. Then, pursuant to the Complaint, dozens of people confronted plaintiff's "Pro American" group. Allegedly, hundreds of police officers appeared at the scene commanded by Police Colonel Carlos Haddock

On or around 10:30 a.m. Colonel Haddock informed plaintiff that both groups had agreed to leave the place. Accordingly, Colonel Haddock ordered plaintiff to leave as well.

Around Noon, the former Superintendent of the Police Department, co-defendant Pierre Vivoni arrived at the scene. Colonel Haddock walked down the hill "apparently trying to divide the 'Pro–American' group" that, by that time, amounted to around four hundred demonstrators. See Complaint ¶ 8.

By 3:00 p.m. on that same date, the Pro–American group grew to the thousands of followers. Colonel Haddock ordered the people, gathered at the manifestation, to open a corridor. Colonel Haddock then escorted a group of the persons who defended opposite interests to plaintiff's group, into the Chapel installed at the top of the hill. At that moment, plaintiff was hit in the back (the complaint does not specify by who), thrown into the opposing group where a police officer hit him, threw him on the floor, handcuffed him and arrested him. Colonel Haddock informed plaintiff that he had been causing trouble the whole day.

Plaintiff was taken into the Police Cruiser where he asked why he was being arrested. Allegedly, several policeman told him that Colonel Haddock had ordered his arrest. Plaintiff was taken to the Puerta de Tierra Police Station where he was placed under custody. After being confined for a half an hour, he was released. Plaintiff returned to the manifestation.

On August 4, 2001, plaintiff appeared at Court in compliance with a Court citation. There, the accusing police officer, Josean Moreno, allegedly informed the Court that Colonel Haddock had ordered him to press charges against the plaintiff for inciting a riot. The charges were dismissed by the investigative judge.

### IV. Analysis

#### A. Failure to state a claim pursuant to § 1983

Co-defendants sustain that the Complaint fails to state a police brutality and/or malicious prosecution claim pursuant to the Fourth Amendment. Hence, co-defendants aver that since there is no constitutional violation, plaintiff has failed to state a claim pursuant to § 1983. Further, co-defendants affirm that plaintiff is attempting to revive the dismissed causes of action under the First Amendment based on political discrimination that were

---

4. The Court also incorporates the pertinent facts, in other parts of the Opinion as originally found by Senior Judge Pieras for the application of *res judicata* and/or collateral estoppel principles.

dismissed with prejudice by this District Court via Opinion issued by Senior Judge Pieras. *Ramos Bonilla v. Pierre E. Vivoni*, 259 F.Supp.2d 135, 144–145 (D. Puerto Rico 2003).

Pursuant to 28 U.S.C. § 1331, the federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." § 1983's purpose "... is to provide a remedy in federal court in protection of federal rights." *Birnbaum v. Trussell*, 371 F.2d 672 (2nd Cir.1966). Specifically, it "... deters state actors from using [the] badge of their authority to deprive individuals of their federally guaranteed rights and provide relief to victims whenever such deterrence fails." *Reuben Corp. v. Brauer*, 275 Ill.App.3d 300, 211 Ill.Dec. 779, 655 N.E.2d 1162 (1995); *Wyatt v. Cole*, 504 U.S. 158, 112 S.Ct. 1827, 118 L.Ed.2d 504 (1992); *City of Newport v. Fact Concerts Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).

Section 1983 authorizes actions for equitable relief and/or damages against "every person who under color of any ... custom or usage, of any State or Territory ... subjects or causes to be subjected any citizen of the United States or other person ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Thus, in order to state a claim cognizable under Section 1983, Plaintiff must allege "that some person has deprived him of a federal right." *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980).

■ To prevail in an action brought under 42 U.S.C. § 1983, plaintiff must satisfy two prongs. First, he must prove that he was deprived of a right, immunity, or privilege secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Baker v. McCollan*, 443 U.S.

137, 140, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); *Voutour v. Vitale*, 761 F.2d 812, 819 (1st Cir.1985). Second, he must have been deprived of his right, immunity or privilege, by a person acting under color of state law. Id. Accordingly, two distinct elements are to be addressed. First, there must have been a violation of rights secured by the Constitution or laws of the United States and, defendants' conduct must have caused the deprivation of plaintiff's rights. Id.; see also *Soto v. Carrasquillo*, 878 F.Supp. 324, 326–327 (D.P.R. 1995).

■ Co-defendants sustain that plaintiff's procedural and substantive due process under the Fourteenth Amendment were not violated. Pursuant to the Fourteenth Amendment, an individual cannot be deprived of a right or interest in liberty or in property without the opportunity of being heard. *Amsden v. Moran*, 904 F.2d 748, 753(1st Cir., 1990). Hence, to state a procedural due process claim, a plaintiff must establish that he has a protected interest afforded by the Constitution and that the State deprived him of said interest without providing him with due process of law. See *Romero–Barcelo v. Hernandez–Agosto*, 75 F.3d 23, 32 (1st Cir.1996). The substantive due process component of the Fourteenth Amendment protects, on the other hand, *specific fundamental* rights of individual freedom from deprivation pursuant to an arbitrary government action. *Siaca v. Autoridad de Acueductos* 160 F. Supp 2d 188, 203 (D.P.R.2001). *Emphasis added.* In other words, in order to establish a violation of the substantive due process under the Fourteenth Amendment, the plaintiff has to claim a violation of a specific right guaranteed by the Constitution.

In the instant case, plaintiff bases his § 1983 claim in his allegation that his rights, as protected by the Fourth Amend-

ment, were violated by the state officials. Pursuant to the Fourth Amendment an individual is entitled to protection from unreasonable searches and seizures of themselves, their houses, papers and effects. A violation of this right by the government under color of law, without a doubt, creates an action pursuant to § 1983.

It is co-defendants' contention, that even accepting plaintiff's allegations as true, plaintiff failed to state, in his Complaint, a constitutional violation, therefore, failing to state a claim under § 1983 that would entitle him to a relief. Co-defendants aver that plaintiff failed to state a constitutional violation through his malicious prosecution and police brutality allegations. Further, co-defendants sustain that plaintiff failed to state a claim of conspiracy pursuant to § 1983. The Court agrees and proceeds to explain in seriatim fashion.

### 1. Failure to state a claim pursuant to § 1983–Malicious Prosecution

Plaintiff alleges that co-defendants acted in a malicious manner, harassing, persecuting, falsely accusing and discriminating against him, consequently depriving him of his constitutional rights guaranteed through the Fourth and Fourteenth Amendments.

■ "The law is settled that a garden variety claim of malicious prosecution garbed in the regalia of § 1983 must fail. There is no substantive due process right under the Fourteenth Amendment to be free from malicious prosecution and the availability of a plainly adequate remedy under the [state] law defeats the possibility of a procedural due process claim" in the instant case. *Meehan v. Town of Plymouth,* 167 F.3d 85, 88 (1st Cir.1999) *citing Roche v. John Hancock,* 81 F.3d 249 (1st Cir.1996). *Internal citations omitted.* In order to transform a malicious prosecution claim into a claim cognizable pursuant

to § 1983, the plaintiff must demonstrate a deprivation of a constitutional right. *Nieves v. McSweeney,* 241 F.3d 46, 53 (1st Cir.2001). In the specific case of malicious prosecution, the First Circuit Court of Appeals has established that in order to determine whether a federal protected right has been violated, the plaintiff has to establish that the criminal charges at issue must have imposed some depravation of liberty consistent with the concept of seizure. *Britton v. Maloney,* 196 F.3d 24, 28–29 (1st Cir.1999) *citations omitted.*

■ Section 1983 "is not in itself a source of substantive rights" but "a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver,* 510 U.S. 266 at 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). Hence, the plaintiff has to identify the constitutional right allegedly infringed. *Id. citations omitted.* The Fourteenth Amendment, in its procedural due process aspect, cannot serve as the vehicle for plaintiff's assertion of the infringement of his constitutional rights, pursuant to the alleged malicious prosecution he was subjected to, since the plaintiff has an adequate remedy for malicious prosecution pursuant to state law. See 31 L.P.R.A. § 5141; See *Nieves v. McSweeney,* 241 F.3d at 53 ("[n]o procedural due process claim can flourish in this soil because Massachusetts [Puerto Rico] provides an adequate remedy for malicious prosecution."). Further, the malicious prosecution claim also fails the substantive due process aspect of the Fourteenth Amendment since the " 'substantive due process may not furnish a constitutional peg on which to hang' a federal malicious prosecution tort." *Id. quoting Albright v. Oliver,* 510 U.S. at 271 n. 4, 114 S.Ct. 807. However, "[w]here a particular Amendment 'provides and explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the

more generalized notion of substantive due process must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. at 273, 114 S.Ct. 807 quoting *Graham v. Connor* 490 U.S. 386 at 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The Fourth Amendment could potentially constitute an adequate 'constitutional peg' where a plaintiff, subjected to a malicious prosecution, may 'hang' his § 1983 claim. See *Nieves v. McSweeney*, 241 F.3d at 54; *Meehan v. Town of Plymouth*, 167 F.3d at 88 *citing Albright v. Oliver*, 510 U.S. at 271, 114 S.Ct. 807.

 The First Circuit has established that "[f]or a public official to transgress the Fourth Amendment through the initiation and pursuit of criminal charges, the prosecution of said charges must, at a bare minimum, have occasioned a *deprivation of liberty* consistent with the concept of a seizure." *Id.* at 54 *citing Britton v. Maloney*, 196 F.3d 24, 28 (1st Cir.1999) *citing Singer v. Fulton County Sheriff*, 63 F.3d 110, 116 (2nd Cir., 1995). *Emphasis added.* In other words, a seizure actionable under the Fourth Amendment only occurs when a state official, under color of authority, restrains the liberty of a citizen. *Nieves v. McSweeney*, 241 F.3d at 55. A legal obligation to appear in court does not impose any restrictions on a person's liberty and is insufficient to establish a seizure within the meaning of the Fourth Amendment. *Nieves v. McSweeney*, 241 F.3d at 56; *Britton v. Maloney*, 196 F.3d at 29–30.

 The malicious prosecution cause of action permits damages for a deprivation of liberty pursuant to a legal process.[5]

First, the Court addresses plaintiff's arrest as the basis of plaintiff's malicious prosecution claim. The arrest in the instant case, is identical to the arrest in *Meehan v. Town of Plymouth*, **a warrantless arrest.** There, the First Circuit concluded that Meehan could not "bring a malicious prosecution claim based upon his arrest because his arrest [did] not constitute the 'initiation of the proceedings' against Meehan." *Meehan v. Town of Plymouth*, 167 F.3d at 89. The Court further concluded that "Meehan [could not] base a malicious prosecution claim on his **warrantless arrest** because it did not constitute legal process." *Id.* at 90.[6] Emphasis added. By the same token, plaintiff's arrest in the instant case, did not constitute the initiation of the proceedings. Accordingly, he is barred from bringing a malicious prosecution claim based upon his arrest. *Id.* at 89. Hence, absent plaintiff's malicious prosecution claim, plaintiff fails to establish his seizure claim under the Fourth Amendment. Plaintiff, therefore, lacks the 'constitutional peg' 'to hang' his § 1983 claim. See *Nieves v. McSweeney*, 241 F.3d at 54 *citing Meehan v. Town of Plymouth*, 167 F.3d at 89–90("Meehan may not bring a malicious prosecution claim based upon his arrest because his arrest does not constitute the 'initiation of proceedings' against Meehan ... Meehan's arrest was not made pursuant to an arrest warrant ...").

Notwithstanding, the plaintiff could still base his malicious prosecution claim in his citation to the Court. Since the Court has already determined that plaintiff's war-

---

5. In a malicious prosecution claim the plaintiff must establish that (1) *the criminal action was initiated* and instigated by co-defendants;(2) the same culminated in favor of the plaintiff;(3) defendants acted with malice and absent probable cause; (4) and plaintiff suffered damages. *Rodriguez Esteras v. Solivan Diaz* 266 F.Supp.2d 270, 279.

6. The First Circuit Court then proceeded to analyze Meehan's malicious prosecution claims based upon the institution of criminal charges against him. Id. In the instant case, however, the plaintiff was never prosecuted.

rantless arrest could not be the basis for a Fourth Amendment violation claim pursuant to malicious prosecution, plaintiff's constitutional · violation claim depends on the finding by this Court of a violation of plaintiff's Fourth Amendment rights through the initiation of criminal proceedings against him. As previously explained, for a state actor to violate the Fourth Amendment, through the initiation of criminal charges, said prosecution must have caused, at least, a deprivation of liberty. *Britton v. Maloney* 196 F.3d at 28. Hence, the Court must determine if the plaintiff was deprived of his liberty in a manner consistent with the concept of seizure embodied in the Fourth Amendment. In the instant case, the plaintiff appeared at Court in compliance with a Court's citation. There, the investigative judge dismissed the charges.

The First Circuit Court has established that "the fact that [ a plaintiff is] given a date to appear in court is insufficient to establish a seizure within the meaning of the Fourth Amendment." *Nieves v. McSweeney*, 241 F.3d at 56 citing *Britton v. Maloney*, 196 F.3d 24, 30 (1st Cir.1999). In other words, the mere citation to appear before the Court does not constitute a violation of plaintiff's constitutional rights. Hence, the Court finds that the Citation, by itself, does not constitute an violation of plaintiff's constitutional rights. Further, there was no restriction of liberty consistent with the concept of seizure accompanying the Citation. Accordingly, plaintiff's Citation to the Court does not constitute a seizure under the Fourth Amendment.

In sum, the Court finds that plaintiff has failed to allege facts to sustain a Fourth Amendment violation, pursuant to his malicious prosecution claim, as such, plaintiff failed the very first prong of any claim pursuant to § 1983 which is to establish an infringement of a federal right.

## 2. *Failure to state a claim pursuant to § 1983—Police Brutality-one half hour detention*

Plaintiff alleges that he "was hit in the back (a video shows who initiated the attack on the Plaintiff), pushed to the leftists group, [a][p]oliceman hit him, threw him to the floor and handcuffed him and arrested him violating his constitutional rights". Complaint ¶ 9. Further, he sustains that he was incarcerated for half an hour.

 All claims that law enforcement officers have used excessive force in the course of an arrest should be analyzed under the Fourth Amendment and its "reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Hence, the Court must determine whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment. *Id.* at 396, 109 S.Ct. 1865. The reasonableness of the arrest must be judged from the perspective of a reasonable officer on the scene. *Id. citing Terry v. Ohio*, 392 U.S. 1, at 22–23, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The Court must focus on the reasonableness of the 'seizure' viewed under the totality of the circumstances *Tennessee v. Garner* 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985). Although, on occasions "the use of excessive force or violence by law enforcement personnel violates the victims constitutional rights, [ ...] not all unlawful force used by the state law enforcement personnel rises to the level of a constitutional violation." *Bibbo v. Mulhern*, 621 F.Supp. 1018, 1024 (D.Mass. 1985) *citations omitted*. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment" *Graham v. Connor*, 490 U.S. at 396, 109 S.Ct. 1865 *internal citation omitted*. In other words, not every instance where the police uses force in effecting an arrest constitutes a

violation of the Fourth Amendment. In sum, in order to establish that the alleged use of excessive force constituted a violation of plaintiff's Fourth Amendment rights, plaintiff has to allege that the officers actions *were not* "objectively reasonable" in the light of the facts and circumstances confronting them. *Id.* at 397, 109 S.Ct. 1865.

 This District Court (Pieras, D.J.) previously established that "[t]he video show[ed] that plaintiff was taken away from the scene in order to avoid any serious altercations with protesters, which the Court note[d] were minimal in such a high tension atmosphere". *Ramos Bonilla v. Pierre E. Vivoni,* 259 F.Supp.2d at 145. Further, the Court found that "the video presented by plaintiff show[ed] that the police present at *La Lomita de los Vientos* controlled the crowd." *Id.* at 138. Federal collateral estoppel principles bar the relitigation of issues that are: (1) identical to issues disputed and litigated in a previous proceeding; (2) where the determination of the issues were essential for the Court's judgment or order and; (3) the issues were determined by a valid and binding final judgment or order. *Plumley v. Southern Container Inc.,* 303 F.3d 364, 373 (1st Cir., 2002). The District Court in *Ramos Bonilla v. Pierre E. Vivoni,* 259 F.Supp.2d 135 determined issues of fact that were essential for the Court's determination as to plaintiff's First Amendment claim then, and are essential as to the determination of plaintiff's Fourth Amendment claim, now. For instance, the Court found that there was a high tension atmosphere during the manifestation at *La Lomita de los Vientos. Id.* at 145. Further, the Court determined that the plaintiff was approached by Colonel Haddock and requested to leave, however, the plaintiff remained at the manifestation. *Id.* at 138. The Court found that the plaintiff was taken from the scene to avoid further serious altercations. *Id.* at 145. Moreover,

the Court found that plaintiff was thrown to the floor, handcuffed and arrested by police officers. Id.; see also the Complaint p. 5. The Court found that plaintiff's actions resulted in his temporary removal. *Id.* at 138. Plaintiff was removed from the manifestation and taken to the Puerta De Tierra Station where he was detained for half an hour, and later released to return to the manifestation. *Id.* at 138. Finally, the Court found that the police present at the manifestation controlled the crowd. *Id.* Considering this factual background found by this Court in a previous proceeding, the Court finds that in a high tension atmosphere created at *La Lomita de los Vientos* by the manifestation of two antagonistic groups, where the plaintiff's conduct provoked his removal to avoid serious altercations, the force utilized by the police officer, as alleged in the Complaint and as previously found by this Court, was reasonable in the light of the facts and circumstances of the case. After all, "the right to make an arrest [ . . . ] necessarily carries with it the right to use some degree of coercion or threat thereof to effect it". *Graham v. Connor,* 490 U.S. at 396, 109 S.Ct. 1865 citing *Terry v. Ohio,* at 22–27, 88 S.Ct. 1868. Accordingly, the Court finds that plaintiff's constitutional rights were not violated in the conduction of his arrest. Hence, plaintiff fails to state a claim under § 1983 based on alleged police brutality.

 Further, the Court finds that plaintiff's half hour incarceration also fails to constitute a constitutional violation. As alleged by plaintiff he was only detained for half an hour and, upon his release, he returned to the grounds and continued with his First Amendment expressions. In order to constitute a violation of plaintiff's Fourteenth Amendment, in its substantive due process aspect, the deprivation alleged must be "egregious" and

"conscience-shocking". *Chavez v. Martinez*, 538 U.S. 760, 123 S.Ct. 1994, 2005, 155 L.Ed.2d 984 (2003) citing *County of Sacramento v. Lewis*, 523 U.S. 833, 849, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998)("the substantive component of the Due Process Clause is violated by executive action only when it can 'properly be characterized as arbitrary, or conscience shocking, in a constitutional sense'". *citing Collins v. Harker Heights*, 503 U.S. 115, 128, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992)). Accepting the allegations contained in the Complaint as true and making all reasonable inferences in favor of the plaintiff, the Court still finds that the plaintiff failed to alleged a "conscience-shocking" violation of the plaintiff's substantive due process rights as conferred by the Fourteenth Amendment and hence, is not entitled to relief pursuant to § 1983. Within the allegations expressed by the plaintiff, there is simply insufficient facts to conclude that his arrest and half hour incarceration could be considered as an arbitrary action of the police officers who were controlling the crowd "in the high tense atmosphere" of the manifestation.[7] Accordingly, plaintiff failed to plead sufficient facts that would conform the constitutional violation required to warrant a relief.

### 3. Failure to state a conspiracy claim pursuant to § 1983

Co-defendants affirm that plaintiff failed to state a claim of conspiracy pursuant to § 1983 warranting him a relief. Plaintiff, not surprisingly, sustains that through his allegations he clearly established a conspiracy in the pleadings. Plaintiff sustains that co-defendants, "in acting individually and collectively, conspired, by their actions or omissions with others, beating, arresting, accusing him on **basis of his ideological beliefs**". Plaintiff sustains that "[t]he conspiracy in this case, was the act to conceal conduct constituting brutality and that deprived Plaintiff Ramos Bonilla constitutional rights by members of the Police Department of Puerto Rico." *Plaintiff's Opposition to Motion to Dismiss*, (Docket No. 11, at p. 12–13).

A civil rights conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties 'to inflict a wrong against or injury upon another,' and 'an overact that results in damages.'" *Earle v. Benoit*, 850 F.2d 836, 844 (1st Cir., 1988) *citations omitted*. In order to state a conspiracy claim, the plaintiff must allege **"specific facts showing an agreement and concerted action amongst the defendants to plot, plan or conspire to carry out the alleged chain of events in order to deprive the plaintiff of a federally protected right."** *Tonkovich v. Kansas Board of Regents*, 159 F.3d 504, 533 (10th Cir., 1998) *citing Hunt v. Bennett* 17 F.3d 1263 (10th Cir.1994) (**"Conclusory allegations of conspiracy** are insufficient to state a valid section 1983 claim."). *Emphasis added.*

The First Circuit has establish that "[i]n order to make out an actionable conspiracy claim under section 1983, a plaintiff has to prove not only a conspiratorial agreement but also an actual abridgment of some federally-secured right." *Nieves v. Mc Sweeney*, 241 F.3d at 53 *citing Earle v. Benoit*, 850 F.2d at 844. In the instant case, the plaintiff failed to find

---

7. Further, this Federal Court has already determined that "plaintiff's actions resulted in [only] his temporary removal from the area." *Ramos Bonilla v. Pierre E. Vivoni*, 259 F.Supp.2d 135, 138 and that plaintiff "was taken away from the scene in order to avoid any serious altercations with protesters". *Id.* at 145

in the Complaint specific **facts** as to the existence of an agreement and concerted action amongst the defendants to plot, plan or conspire. The Court is not obligated to accept plaintiff's "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v.Blanchard*, 83 F.3d at 3. Accordingly, the Court finds that plaintiff failed to state a claim of conspiracy under to § 1983 simply because the allegations are merely conclusory. Further, the Federal Court already dismissed with prejudice plaintiff's First Amendment claim. *Ramos Bonilla v. Vivoni*, 259 F.Supp.2d at 146. Moreover, the Court found that the plaintiff failed to establish that Vivoni and Haddock "overtly and personally acted to deprive Plaintiff of his constitutional rights." *Ramos Bonilla v. Vivoni*, 259 F.Supp.2d at 143. Consequently, plaintiff's allegation that co-defendants conspired against him on **"basis of his ideological beliefs,"** is barred by the federal *res judicata* principles. *Apparel Art. Int'l v. Amertex Ltd.*, 48 F.3d at 583.

### 4. Equal Protection of the Laws

Plaintiff sustains that he was deprived of "his liberty and property rights protected by the due process of law, with intent to deny Plaintiff [...] of equal protection of laws."

 In asserting a violation of the rights conferred by the Equal Protection Clause a plaintiff has to establish that persons who are in a similar situation are subjected to disparate treatment. In other words, a plaintiff fails to state a claim of violation of Equal Protection Clause when he fails to alleged that similarly situated people were treated in a different way as he was treated *Rodriguez v. Lamer*, 60

F.3d 745, 749 (11th Cir., 1995). Plaintiff in the instant case failed to aver said critical allegation. Hence, he failed to state a claim pursuant to the Equal Protection of the Law Clause in which to base his § 1983 claim.

### B. Injunctive relief

Plaintiff requested the Court to order defendants to "refrain from attacks, arrests, persecutions, discrimination, harassment and discrimination (sic) against Pro–Americans". Defendants sustain that the plaintiff is not entitled to injunctive relief and, accordingly, request the dismissal of the action against Victor Rivera González in his official capacity.[8]

 First, the Court notes that Victor Rivera González is no longer the Superintendent of the Police Department. Victor Rivera González was the Police Superintendent at the time of the filing of the Complaint and not at the time of the facts from which the present cause of action arises. In his previous attempt at this Court, plaintiff included former Superintendent Miguel Pereira as a co-defendant. On said occasion, plaintiff sued him in his official capacity for injunctive and equitable relief. Since he was no longer the Superintendent, the Court dismissed his claims with prejudice. *Ramos Bonilla v. Pierre E. Vivoni* 259 F.Supp.2d 135, 141. For the same reason, the Court now **DISMISSES** all actions against Victor Rivera González **WITH PREJUDICE.**

Second, the Court notes that plaintiff failed to amend the Complaint to include the new Superintendent of the Police Department. Further, the Federal Court has already dismissed with prejudice plaintiff's

8. It is clear that plaintiff's intention in suing Victor Rivera González in his official capacity was for the purpose of requesting injunctive relief since this Court previously dismissed all actions against any government agent in his official capacity due to the fact that said actions are precluded in the federal forum by the Eleventh Amendment. *Ramos Bonilla v. Pierre E. Vivoni*, 259 F.Supp.2d at 141.

petition for injunctive relief because the Court failed to find that overt discrimination occurred in the Police Department, or that there was a policy to that effect or that the officers present on the day in question deliberately discriminated against plaintiff solely for his political affiliation. *Ramos Bonilla v. Pierre E. Vivoni,* 259 F.Supp.2d 135, 145. Accordingly, and pursuant to federal *res judicata* principles, plaintiff's request for injunctive relief is hereby **DENIED.**

### C. Declaratory Judgment

Co-defendants sustains that plaintiff is not entitled to the issuance of a declaratory judgment. Plaintiff sustains that the declaratory judgment requested should be issued.

██ The declaratory judgment is designed to enable litigants to **clarify legal rights and obligations before acting upon them.** See *Step–Saver Data Sys. Inc. v. Wyse Tech.,* 912 F.2d 643, 649–650 (3rd Cir.1990). *Emphasis ours.* The Court must consider to the extent that the situation presented creates a "direct and immediate dilemma for the parties". *Ernst & Young v. Depositors Economic Protection Corporation,* 45 F.3d 530, 534 (1st Cir.,1995). In the instant case, the plaintiff requests a declaratory judgment declaring that he (1) "is protected by the fundamental and natural liberty, property, happiness and due process rights established by the Bill of Rights of the United States Constitution . . . and (2)that the Police Department's Officers **political** discriminatory policy [. . .] is unconstitutional and contrary to the laws of the United States." See Complaint, page 10, ¶ 1 and 2. Emphasis added.

██ The question is whether the claim involves uncertain and contingent events. *Ernst & Young v. Depositors Economic Protection Corporation,* 45 F.3d at 534. As to the first part of the request the Court finds that the declaratory judgment

is totally unwarranted since the same fails to involve any contingent event. The rights that plaintiff request should be declared are legal rights that are in no need of the Court's clarification. It is undisputed that plaintiff is entitled to said rights pursuant to the Constitution of the United States. Hence, the issuance of the declaratory judgment is unnecessary. *Ernst & Young v. Depositors Economic Protection Corporation,* 45 F.3d 530, 537(the Court must question "the usefulness of a declaratory judgment, that is, the extent to which the desired declaration would be of practical assistance in setting the underlying controversy to rest.")

As to the second criteria, however, this Federal Court has already determined that plaintiff failed to establish that the "Puerto Rico Police Department has established a policy or custom that discriminates along political lines" *Ramos Bonilla v. Pierre E. Vivoni* 259 F.Supp.2d 135, 144. Hence, plaintiff's second request is also unwarranted based on federal *res judicata* principles.

### V. Conclusion

"The time of judges and lawyers is a scarce resource; the sooner a hopeless claim is sent on its way, the more time is available for plausible cases." *Eastern Food Services v. Pontifical Catholic University,* 357 F.3d 1, 7 (1st Cir., 2004). Accordingly, and for the reasons aforementioned, plaintiff's § 1983 is hereby **DISMISSED WITH PREJUDICE.** Since the Court dismissed plaintiff's federal action, pursuant to 28 . U.S.C. § 1367(c) as interpreted in *Gonzalez–De-Blasini v. Family Department,* 377 F.3d 81, 89 (1st Cir.2004); *Claudio–Gotay v. Becton Dickinson Caribe, Ltd.,* 375 F.3d 99, 105 (1st Cir.2004); *Rodriguez v. Doral Mortgage,* 57 F.3d 1168, 1177 (1st Cir. 1995) all claims pursuant to state law are

hereby **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**